IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SARAH J. OLDRIDGE,

    Plaintiff,

v.               Case No. 18-1243-JWB

CITY OF WICHITA, KANSAS,

    Defendant.

**MEMORANDUM AND ORDER**

  This matter is before the court on Defendant's Motions for Leave to File Exhibits Under Seal (Docs. 68, 77) and Plaintiff's unopposed Motion for Leave to File Exhibits Under Seal (Doc. 79). For the reasons stated herein, Defendant's motion for leave at Doc. 77 is GRANTED, Defendant's motion for leave at Doc. 68 is GRANTED IN PART and DENIED IN PART, and Plaintiff's motion for leave at Doc. 79 is GRANTED IN PART and DENIED IN PART.

  This case involves claims of employment discrimination by Plaintiff, a female employee who is employed by Defendant City of Wichita. Plaintiff claims that Defendant failed to promote her for a position in which she was qualified and instead promoted a male who did not meet the qualifications for the position. Plaintiff also claims that Defendant retaliated against her by disciplining her when she questioned the promotion process. The exhibits at issue are submitted in support of the parties' summary judgment briefing.

  The standards governing sealing court records was summarized by Judge Lungstrum in *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, *1 (D. Kan. Dec. 17, 2010):

Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

Defendant argues that the exhibits identified in its motions should be sealed because they contain confidential employment, disciplinary, and personnel information relating to Plaintiff, Defendant's employees, or former employees. Defendant states that it is appropriate to seal this information because of the confidential and sensitive nature of the information and employment topics they include. (Doc. 68 at 3.) Defendant seeks to seal 18 exhibits in its two motions, which include approximately 500 pages of exhibits. Defendant makes no attempt to identify what specifically is confidential and sensitive in each exhibit. Notably, Plaintiff objects to the sealing of the exhibits identified in Doc. 68. (Doc. 68 at 3.)

With respect to portions of deposition testimony, Defendant seeks to redact names of other employees due to the discussion of their sensitive personnel and employment information. (Docs. 68, 77.) After review of the testimony, the court grants Defendant's motion and will allow the redacting of the names of Defendant's employees in the following exhibits (4, 6, and 54.) Defendant must file the redacted transcript in the public record. Defendant has additionally moved to redact the names from Clay Germany's deposition in Exhibit 18. After reviewing the deposition, the court finds that Defendant has not met its burden to redact the names in Germany's deposition. The names mentioned are directly related to emails Plaintiff sent and responses received. The court sees no reason that this information should be sealed.

Defendant also seeks to seal Exhibit 23, which is a report regarding a 2016 internal investigation of an officer not involved in this litigation. Reviewing the summary judgment

2

memoranda filed by the parties, the incident is discussed; however, the officer's name is not revealed. After reviewing Exhibit 23, the court finds that it is appropriate to file this exhibit under seal given that it is a disciplinary report of another officer.

Turning to Exhibits 12, 13, 15, and 16, while these exhibits include personnel information regarding the officers who applied for the position of captain and the corresponding interview scoring of the applicants, Defendant makes no persuasive argument as to why these exhibits should not be in the public record. Therefore, Defendant has not met its burden with respect to these records. Defendant may file a renewed motion for leave to file these exhibits under seal and must make a specific argument as to the contents of each exhibit. The court may redact the names of the officers and other personal identifiers from these exhibits if Defendant makes a showing of some significant interest that would outweigh the presumption of access to the records.

With respect to Exhibits 7, 9, 10[1], 14, 17, 20, 22, 24, and 26, the court finds that Defendant has not met its burden. "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Mann*, 477 F.3d at 1149 (internal quotation marks and citation omitted). Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *5 (D. Kan. 2007). Besides generally stating that these exhibits contain confidential and sensitive information, Defendant has not articulated and presented facts to sustain its burden of showing significant, non-speculative harm so as to overcome the presumption as to several hundreds of pages of exhibits.

---

[1] Defendant titled Exhibit 10 on its index as "Oldridge Application." (Doc. 68-1 at 1.) The exhibit, however, is not Plaintiff's application. Rather, it is the application of another individual. As set forth in this order, Defendant may move to redact the name on the applications of other officers. Defendant has also attached the employment application of Plaintiff for the position at issue as Exhibit 17. The motion to seal this exhibit is denied as set forth herein and Plaintiff's application is to be redacted as discussed in connection with Plaintiff's motion to seal Exhibit 36.

These employment records and the investigation surrounding the alleged retaliation are central issues in this case. Defendant "makes no attempt to show the harm here to be significantly greater and more serious than that faced by many employment discrimination plaintiffs, and 'there is no tradition of anonymous employment litigation.'" *Bullard v. Goodyear Tire & Rubber Co.*, No. 09-4024-SAC, 2011 WL 5248085, at *2 (D. Kan. Apr. 12, 2011). The court acknowledges that personnel files may contain information that when revealed could result in economic or emotional harm. *Id.* However, the burden still remains with Defendant to identify how the privacy interest in this information "outweighs the public's right to know the central issues of [Plaintiff's] employment discrimination case and the evidence surrounding them." *Id.* Defendant's motion (Doc. 68) is denied as to these exhibits. Defendant is reminded that personal information, such as social security numbers and birth date, must be redacted from the exhibits before filing on the public docket.

Plaintiff moves to seal several exhibits as well. (Doc. 79.) Plaintiff's motion is unopposed. Notably, Plaintiff seeks to seal her employment application for the position at issue (Plaintiff's Exhibit 36) even though she objected to the sealing of the same exhibit when Defendant filed its motion. While certain information in that application may be redacted under the local rules, Plaintiff has not met her burden to show that the complete application should be sealed. The court will allow Plaintiff to redact the following personal information: Plaintiff's address, phone number, and driver's license number. Plaintiff's motion to seal Exhibit 36 is denied and Plaintiff is allowed the redactions stated herein.

With respect to Plaintiff's motion to redact names of other officers from two depositions (Plaintiff's Exhibits 41 and 44) and file the unredacted depositions under seal, the motion is granted. Plaintiff also seeks to seal Exhibits 42 and 49, which are coaching and mentoring reports

4

regarding other officers that are not involved in this case.  The court finds that it is appropriate to seal these exhibits.  Finally, Plaintiff seeks to seal Exhibits 50 and 51, which are interviews with two officers. After review, the court finds that it is appropriate to seal these exhibits.

## Conclusion

Defendant's motion for leave to file exhibits under seal (Doc. 77) is GRANTED. Defendant's motion for leave (Doc. 68) is GRANTED IN PART and DENIED IN PART. Plaintiff's motion for leave (Doc. 79) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.  Dated this 11th day of January, 2022.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE